## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ELIZABETH BROWN** and, | : | |
| **KIM EVANS-JOHNSON**, | : | **CIVIL ACTION NO.** |
| Plaintiffs | : | |
| | : | |
| v. | : | |
| | : | |
| **WILLIAM PENN SCHOOL DISTRICT**, | : | **JURY TRIAL DEMANDED** |
| Defendant | : | |

## COMPLAINT

### I.    INTRODUCTION

1.    Plaintiffs, Elizabeth Brown ("Brown") and Kim Evans-Johnson ("Evans-Johnson"), (collectively, "Plaintiffs"), brings this action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e), *et seq*., as amended by the Civil Rights Act of 1991 (Title VII), 42 U.S.C. § 1981 and the Civil Rights Act of 1866 (Section 1981), 42 U.S.C. §1983 and the Equal Protection Clause of the United States Constitution, 14th Amendment,  Family and Medical Leave Act, 29 U.S. Code § 2601 *et seq*., (FMLA), and the Pennsylvania Human Relations Act, 43 Pa.C.S.A. § 951 *et seq*., (PHRA). Plaintiff seeks back pay, front pay, loss of benefits, compensatory damages, interest, costs, injunctive and declaratory relief, negative tax consequence damages, and attorneys' fees plus costs (including expert witness fees) from Defendant, William Penn School District ("WPSD").

### II.    JURISDICTION AND VENUE

2.    This Court has jurisdiction over Plaintiffs' federal claims pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) and 42 U.S.C. § 2000e-5(f).  Furthermore, this Court has jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367(a).

3.      Plaintiffs have exhausted all remedies available to them as set forth in

Title VII and the PHRA, by filing timely charges of employment discrimination with the

Equal Employment Opportunity Commission ("EEOC"), which charges were also filed

with the Pennsylvania Human Relations Commission ("PHRC"), and Plaintiffs have filed

this action within ninety (90) days of the receipt of notices of right-to-sue.  Attached as

**Exhibit 1** are a May 30, 2018 and a July 16, 2018 Notices of Right to Sue issued by the

EEOC.

4.      The unlawful acts and practices of WPSD were committed within or upon

the direction of its agents, servants, employees and/or representatives within the

Commonwealth of Pennsylvania.

## III.   PARTIES

5.      Brown is a Black female residing at 320 Llangollen Blvd., New Castle,

DE 19720.

6.      Evans-Johnson is a Black female residing at 5938 Washington Avenue,

Philadelphia, PA 19143.

7.      Defendant, WPSD, is a public school district with administrative offices at

100 Green Avenue, Lansdowne, PA 19050.  At all relevant times described herein,

WPSD employed Plaintiffs.

8.      WPSD is an employer within the meaning of Title VII, the FMLA, and the

PHRA.

9.      WPSD serves approximately 5,000 students who live in the six

communities of Aldan, Colwyn, Darby, East Lansdowne, Lansdowne, and Yeadon

Boroughs.  WPSD is comprised of eight elementary schools, one middle school, one alternative school, and one high school, based on two campuses.

## IV.  FACTS

10.     At all relevant times, WPSD postings for positions as a "Principal" require qualified candidates to have a PA Elementary and/or Secondary School Principal ("School Admin/Principal PK-12") Certification and successful teaching for five or more years.

11.     WPSD has an established practice of hiring White males/females and promoting them more frequently rather than promoting Black females who are equally or more qualified.

12.     In 2008 or 2009, after conducting interviews, WPSD appointed Seth Brunner (Brunner), White male, to a full-time position as Assistant Principal. At the time, Brunner had not completed his coursework and did not have his School Admin/Principal PK-12 Certification. WPSD did not select Evans-Johnson and her Black co-worker, Sydney Denkins, each of whom interviewed for this position, had their PA K-12 School Principal Certifications, and were both better qualified than Brunner.

13.     On several occasions, without posting the positions, WPSD gave special assignment positions to White males/females, including, but not limited to, Warren Danenza, Seamus Smith, Mark Sliwka, John Davis, and Mary (Beth) Kramer.

14.     In November 2016, after conducting interviews, WPSD hired Suzanne Murphy ("Murphy"), White female, as Acting Assistant Principal.

15.     Effective July 1, 2017, after conducting interviews, WPSD hired Hyeseon Judy Lee ("Lee"), Asian female, as Principal of Penn Wood High School.

16.     In August 2017, WPSD appointed Murphy to an Acting Assistant Principal position without posting the position.

17.     In about September 2017, WPSD placed Warren Danenza and Seamus Smith, White males, as teachers on special assignment who rotated every other day and were provided with substitutes in their rooms on the days they were not there.

18.     In or around September 2017, William Penn Education Association ("WPEA"), Treasurer Matthew Downing asked Lee if Plaintiffs would ever be considered for special assignment positions. Lee responded, "probably not".

19.     Effective February 26, 2018, WPSD appointed Gary Cooper, White male, as Acting Assistant Principal without posting the position.

20.     On April 11, 2018, during a conversation with a co-worker, Lee described and named WPSD school board members by "color."

21.     In or around May 2018, WPSD selected two individuals without PA principal certifications, Lisa Cinquino ("Cinquino"), white female and Troy Brooks ("Brooks") black male, to serve as administrators on a day when supposedly no administrators were present in the Penn Wood High School Green Avenue Campus building. Becky Vandenberg ("Vandenberg"), Coordinator of Transition, inquired why Plaintiffs, who both have PA principal certifications and were present in the building, were not considered for filling in as administrators that day. WPSD's response was that if this happened again (no administrators present), Plaintiffs would be asked to substitute. However, WPSD should have done that in the first instance and did not do it because Plaintiffs are black females.

22.     Effective July 2, 2018, after conducting interviews, WPSD hired James Corkery, White male, and Robert Curry, Black male, both of whom have less years of teaching and experience in the school district than Plaintiffs.

### A.     Plaintiff Brown

23.     Brown began working for WPSD in 2002 as a Language Arts Teacher at Penn Wood Middle School. In 2007, after obtaining her Master's in Secondary School Counseling, she was hired as a school counselor at Penn Wood High School. In 2013, Brown was promoted to Guidance Department Chair. Currently, Brown is a guidance counselor assigned to 11th grade.

24.     Brown has taught for five years and has been a school counselor for 11 years.

25.     Brown received her School Admin/Principal PK-12 Certification in 2016.

26.     After a yearly application process, WPSD appointed Brown as Senior Class Advisor for the following years – 2012, 2013, 2016, 2017 and 2018.

27.     During Brown's employment at WPSD, WPSD has rated her at or above "Proficient" in her professional ratings/evaluations. In November 2017, WPSD rated Brown as "Distinguished", the highest rating available.

28.     Brown applied and interviewed for the following positions since 2016: Acting Assistant Principal in November 2016, Secondary Principal in March 2017, Assistant Principal in May 2017, and Assistant Principal in January 2018. WPSD did not hire her for any of these position, and instead, hired less qualified candidates who were not Black females.

29.     Beginning September 2017, Brown became aware that Lee was making disparaging remarks to Amanda Cleveland, White female coworker, about her.  Lee's comments included:

a.   "Brown will never be an administrator in this district,"

b.   "Brown can't be trusted"

c.   Statements expressing Lee does not trust Brown, Afia Brown, Yvette Calvin, and Jeffrey Cuff, who are all Black WPSD employees.

30.      In August 2017, though Lee knew that Brown was the only applicant for the position of Senior Class Advisor and that the deadline for applications had passed, Lee demanded Murphy find someone other than Brown to fill the position.

31.     In or around October 2017, Brown met with counselors to generate solutions to address their shared concerns regarding intervention meetings. Through WPEA leadership, Brown and all other guidance counselors requested a meeting with Lee to address their concerns. During this meeting, Lee yelled at Brown, called her a liar, and announced she would only communicate with Brown by email and with witnesses in the future.

32.     Lee  singles out Brown and hostile toward her on and ongoing basis including in guidance counselor meetings.

33.     Lee ignores suggestions made by Brown. However, Lee accepts and implements these same suggestions when made by Brown's white female counterparts.

34.     On December 1, 2017, Brown resigned from her role as the Guidance Department Chair. WPSD set different expectations for Brown when she was the

Guidance Department Chair than are set for the current chair, Cinquino, who is a White female.

35.     In January 2018, Brown met with Joseph Conley ("Conley"), WPSD's Director of Human Resources, and Vandenberg to discuss her reasons for resigning as the Guidance Department Chair, unequal treatment by, and harassment from Lee. During this meeting, Conley agreed to meet with Dr Lee, Vandenberg and Superintendent Jane Harbert to discuss Brown's concerns, however that meeting never occurred, and Conley never followed up with Brown about the matter.

36.     Since Brown's January 2018 meeting with Conley, Lee has continued to make disparaging remarks and even discussed possible disciplinary action against Brown with Cleveland.

37.     On May 23, 2018, Brown requested Lee authorize proctor support for the Keystone make-up exams that were scheduled for May 24, 2018.  On May 24, 2018, Brown was the only guidance counselor not assigned a proctor to assist with the make-up exams.

38.     WPSD has not afforded Brown opportunities for promotion or to assume administrative roles.

## B.     Plaintiff Evans-Johnson

39.     Evans-Johnson began working for WPSD in 2005 as a Special Education Teacher. In 2008, she was promoted to Special Education Facilitator. In 2010, the Special Education Facilitator position was eliminated, and she was placed back into a classroom as a Special Education Teacher. Currently, Evans-Johnson is a Special Education Teacher in an autistic support classroom.

40.     Evans-Johnson has taught for 21 years.

41.     Evans-Johnson received her PA certification in Special Education PK-12 in 2006 and School Admin/Principal PK-12 Certification in 2008.

42.     During Evans-Johnson's employment at WPSD, WPSD has rated her at or above "Proficient" in her professional ratings/evaluations.

43.     Lee has repeatedly pulled Evans-Johnson from pre-arranged assignments or roles in favor of her white female counterparts.

44.     WPSD has not afforded Evans-Johnson opportunities for promotion or to assume administrative roles.

45.     In about October 2017, WPSD approved Evans-Johnson for FMLA leave due to her mother's serious medical condition.

46.     In March 2018, Evans-Johnson received a write up for excessive absences. Evans-Johnson sent a rebuttal to the write-up but has not heard back from WPSD.

47.      Plaintiffs avers that they have not been promoted or given opportunity to gain administrative experience based on a combination of race and gender discrimination and/or in retaliation for engaging in protected activity.

48.     At all relevant times hereto, Plaintiffs performed their jobs in a satisfactory manner.

49.      Plaintiffs have suffered, are now suffering and will continue to suffer emotional distress, suffering, inconvenience, mental anguish, loss of enjoyment of life and other nonpecuniary losses as a direct result of WPSD's discrimination and retaliation.


V.     **CLAIMS**

## COUNT I – RACE DISCRIMINATION
### TITLE VII, SECTIONS 1981 and 1983, and THE PHRA

50.     Paragraphs 1 through 49 are incorporated by reference as if fully set forth herein.

51.      The acts, failures to act, practices, and policies of WPSD set forth above constitute intentional and illegal discrimination on the basis of Plaintiffs' race, in violation of Title VII, Sections 1981 and 1983 and the PHRA.

52.     Plaintiffs brings their 42 U.S.C. §1981 claim against WPSD through 42 U.S.C. §1983 – Fourteenth Amendment Equal Protection Clause and independently under 42 U.S.C. §1981.

53.      WPSD intentionally discriminated against Plaintiffs and did not promote them because they are Black, which is a violation of 42 U.S.C. §1981.

54.     WPSD is a public entity and it acted under color of state law.

55.     Plaintiffs alleges that WPSD failed to promote them pursuant to an established policy and/or custom to routinely discriminate against black women and treat white men and women more favorably than black women.

56.     As a direct and proximate result of WPSD's illegal racially discriminatory actions, practices, and policies, Plaintiffs have suffered economic damages in the form of back pay and benefits, front pay and benefits, and emotional distress including, but not limited to, anxiety, stress, humiliation and embarrassment.

WHEREFORE, Plaintiffs, Elizabeth Brown and  Kim Evans-Johnson, respectfully demand judgment in their favor and against Defendant, WPSD, for compensatory damages for emotional distress, mental anguish, humiliation and embarrassment, back pay, front pay, lost benefits, negative tax consequence damages,

attorneys' fees plus costs (including expert witness fees) declaratory relief that the

conduct engaged in by WPSD violated Plaintiff's civil rights, equitable/injunctive relief

directing WPSD to cease any and all unlawful racial discrimination against employees

and such other relief as the Court shall deem proper.

## COUNT II – SEX BASED DISCRIMINATION
## TITLE VII, SECTION 1983 (EQUAL PROTECTION CLAUSE OF THE 14TH AMENDMENT) and THE PHRA

57.     Paragraphs 1 through 56 are incorporated by reference as if fully set forth
herein.

58.     The acts, failures to act, practices, and policies of WPSD set forth above

constitute intentional and illegal discrimination on the basis of Plaintiffs' sex, in violation

of Title VII, Section 1983, and the PHRA.

59.     WPSD intentionally discriminated against Plaintiffs and did not promote

them because they are Black females, which is a violation of Title VII, and the PHRA.

60.     Plaintiffs brings their 42 U.S.C. §1983 claim against WPSD through the

Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

61.     WPSD intentionally discriminated against Plaintiffs because they are

black females, which is a violation of the Equal Protection Clause of the Fourteenth

Amendment.

62.     WPSD is a public entity, and at all times relevant hereto, it acted under

color of state law.

63.     Plaintiffs allege that WPSD discriminated against them pursuant to an

established policy and/or custom to routinely discriminate against black females and

treats white males more favorably than black females.

10

64.     Plaintiffs allege that WPSD demonstrated deliberate indifference to and failed to take reasonable steps to protect their rights to be treated equally and not to be intentionally discriminated against on the basis of their gender.

65.     As a direct and proximate result of WPSD's sexually discriminatory actions, practices, and policies, Plaintiffs have suffered economic damages in the form of back pay and benefits, front pay and benefits, and emotional distress including, but not limited to, anxiety, stress, humiliation and embarrassment

WHEREFORE, Plaintiffs, Elizabeth Brown and Kim Evans-Johnson, respectfully demand judgment in their favor and against Defendant, WPSD, for compensatory damages for emotional distress, mental anguish, humiliation and embarrassment, back pay, front pay, lost benefits, negative tax consequence damages, attorneys' fees plus costs (including expert witness fees) declaratory relief that the conduct engaged in by WPSD violated Plaintiffs' civil rights, equitable/injunctive relief directing WPSD to cease any and all unlawful racial discrimination against employees and such other relief as the Court shall deem proper.

## COUNT III – RETALIATION
**TITLE VII, SECTIONS 1981 and 1983, and THE PHRA**

66.     Paragraphs 1 through 65 are incorporated by reference as if fully set forth herein.

67.     The acts, failures to act, practices and policies of WPSD set forth above constitute a retaliatory action in violation of Title VII, Sections 1981 and 1983, and the PHRA.

68.     As a direct and proximate result of WPSD's retaliatory actions, practices, and policies, Plaintiffs have suffered economic damages in the form of back pay and benefits, front pay and benefits, and emotional distress including, but not limited to, anxiety, stress, humiliation and embarrassment

WHEREFORE, Plaintiffs, Elizabeth Brown and  Kim Evans-Johnson respectfully demand judgment in their favor and against Defendant, WPSD, for compensatory damages for emotional distress, mental anguish, humiliation and embarrassment, back pay, reinstatement or front pay, lost benefits, negative tax consequence damages, attorneys' fees plus costs (including expert witness fees), declaratory relief that the conduct engaged in by WPSD violated Plaintiffs' civil rights, equitable/injunctive relief directing WPSD to cease any and all unlawful racial discrimination against employees and such other relief as the Court shall deem proper.

## COUNT IV – FMLA INTERFERENCE and RETALIATION
### (Plaintiff Evans-Johnson)

69.     Paragraphs 1 through 68 are incorporated by reference as if fully set forth herein.

70.     WPSD is an employer covered by the Family and Medical Leave Act pursuant to 29 U.S.C.§ 2601 et seq.

71.     In March 2018, Evans-Johnson was entitled to leave under the Family and Medical Leave Act, pursuant to 29 CFR §825.114.

72.     The acts, failures to act, and conduct of WPSD as set forth above constitute interference with Evans-Johnson's substantive rights and retaliation against her for exercising her rights under the FMLA.

73.     As a direct and proximate result of WPSD's interference and retaliatory actions, practices, and policies, Evans-Johnson received negative discipline.

WHEREFORE, Evans-Johnson respectfully demands judgment in her favor and against Defendant, WPSD, for back pay and back benefits, front pay and front benefits, liquidated damages, interest, attorney's fees and costs (including expert witness fees), and declaratory relief that the conduct engaged in by WPSD violated the FMLA and such other relief as the Court shall deem proper.

Respectfully submitted,

Date:  8/27/2018

By:   SMP2861
Scott M. Pollins (PA No. 76334)
Tashell J. Jenkins (PA No. 323580 - *pending EDPa admission*)
303 W. Lancaster Avenue, Ste. 1C
Wayne, PA 19087
(610) 896-9909 (phone)
(610) 896-9910 (fax)
scott@pollinslaw.com (email)
tashell@pollinslaw.com (email)

*Attorneys for Plaintiffs,*
Elizabeth Brown
Kim Evans-Johnson