IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ELIZABETH BROWN, et. al.** | : | CIVIL ACTION |
| *Plaintiffs,* | : | |
| | : | |
| v. | : | No. 18-3674 |
| | : | |
| **WILLIAM PENN SCHOOL DISTRICT,** | : | |
| *Defendant.* | : | |

## MEMORANDUM

### I.   BACKGROUND

Plaintiffs sued the William Penn School District ("School District") for race, sex, and intersectional discrimination, alleging they were denied promotions and career opportunities as a result of the School District's discrimination against African American females. *See* ECF No. 1, 6.

The School District filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) (ECF No. 12), which the Court denied. ECF No. 16. The School District filed a Motion for Summary Judgment (ECF No. 47), which the Court denied in part and granted in part. ECF No. 54. The case proceeded to a five-day jury trial. At trial, following Plaintiffs' case, the School District moved for judgment as a matter of law pursuant to Fed. R. Civ. P. 50, which the Court denied. The jury ultimately found for the School District. ECF No. 84.

The School District now moves for attorney's fees in the amount of its insurance deductible, $50,000.00, and the fees of its liability carrier, $210,362.09

under 42 U.S.C. § 1988.  ECF No. 86-2 at 8.  The School District argues it is entitled to these fees because Plaintiffs' claims were frivolous, groundless, and resulted in unreasonable litigation.  *Id.* at 2, 5.

According to the School District, Plaintiffs advanced "baseless arguments" grounded in speculation and conjecture and were unable to prove a prima facie case of discrimination at trial.  *Id.* at 6-7.  The School District claims Plaintiffs' settlement demands were "exorbitant" based on their insurance policy; therefore, the School District did not respond to any demands.  *Id.* at 4-5.  The School District also argues that Plaintiffs failed to prove damages and failed to mitigate by not seeking other employment.  *Id.* at 8.

Plaintiffs argue that the School District mischaracterizes the evidence and it cannot meet the high standard for awarding attorney's fees to prevailing defendants.  ECF No. 88 at 12.

For the following reasons, the Court will deny Defendant's Motion.

**II.    DISCUSSION**

Under 42 U.S.C. Section 1988(b), "the court may allow the prevailing party . . . reasonable attorney's fee as part of the costs."  "[T]he United States Supreme held that 'a district court may in its discretion award attorney's fees to a prevailing defendant . . . upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith.'"

2

*Bricklayers & Allied Craftworkers v. ARB Constr., Inc.*, No. CV 13-3883, 2016 WL 4943254, at *5 (E.D. Pa. Sept. 15, 2016) (quoting *Christiansburg Garment Co. v. Equal Employment Opportunity Comm'n*, 434 U.S. 412, 421) (1978). Furthermore, the Supreme Court has warned that district courts should "not engage in *post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation." *Christiansburg Garment Co.*, 434 U.S. at 421-22.

To determine whether a "plaintiff's unsuccessful civil rights claim was frivolous," the district court considers several factors: (1) whether the plaintiff established a prima facie case; (2) whether the defendant offered to settle; (3) whether the trial court dismissed the case prior to trial or the case continued until a trial on the merits; (4) whether the case involved an issue of first impression requiring judicial resolution; (5) whether the controversy was based on a real threat of injury to the plaintiff; and (6) whether the trial court found the suit frivolous. *Barnes Found.*, 242 F.3d at 158 (citing *E.E.O.C. v. L.B. Foster Co.*, 123 F.3d 746, 751 (3d Cir. 1997)).  These factors are "guideposts, not hard and fast rules" and "frivolity" determinations should be made on a case-by-case basis. *L.B. Foster Co.*, 123 F.3d at 751.

Claims are typically found to be "frivolous" in cases where the court finds in favor of the defendant in a motion for summary judgment or a Fed. R. Civ. P.

3

41(b) motion for involuntary dismissal. *Curran v. Se. Pennsylvania Transp. Auth.*, 109 F. Supp. 2d 394, 397 (E.D. Pa. 2000). "In these cases, the plaintiffs did not introduce any evidence to support their claims." *Id.* However, "where plaintiffs introduced evidence to support their claims, findings of frivolity typically do not stand." *Id.* (citing *Sullivan v. Sch. Bd. of Pinellas Cty.*, 773 F.2d 1182, 1189 (11th Cir. 1985)). When there is "some basis" for the losing plaintiff's claim, an award of fees to a prevailing defendant is inappropriate. *Barley v. Fox Chase Cancer Ctr.*, 54 F. Supp. 3d 396, 400 (E.D. Pa. 2014) (finding that the plaintiff had "some basis" for making a claim, which she offered in her own testimony, and refusing to sanction her by imposing attorney's fees).

Here, Plaintiffs' claims cannot be considered frivolous merely because they were unsuccessful at trial. *See Christiansburg Garment Co.*, 434 U.S. at 421-22. Plaintiffs introduced evidence through witnesses and exhibits in an effort to convince a jury that the School District discriminated against them. Plaintiffs' case is not frivolous merely because the jury did not weigh that evidence in its favor. *See L.B. Foster Co.,* 123 F.3d at 752-53. This Court refuses to engage in *post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation. *See Christiansburg Garment Co.*, 434 U.S. at 421-22.

Moreover, Plaintiffs' claims against the School District survived a motion to dismiss, a motion for summary judgment, and a motion for judgment as a matter of law. Accordingly, Plaintiffs' claims had some basis and an award of fees to the prevailing defendant in this case is inappropriate.

### III. CONCLUSION

For the foregoing reasons, Defendant's Motion for Attorney's Fees is denied in the accompanying Order.

BY THE COURT:

Dated: April 17, 2020    /s/ Chad F. Kenney

**CHAD F. KENNEY, JUDGE**